## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2020

No. 19-40600

Lyle W. Cayce
Clerk

RALPH LYNN FERGUSON, JR.,

     Plaintiff - Appellant

v.

ERIC MARCINE DUNN; CHARLES WILLIS; JOSH BECKMAN; BRANDON
THURMAN; TIMOTHY WAYNE CORKERN; STEVE HOLLOWAY; PARVIN
BUTLER; ANGIE BROWN; GWEN KELLY; CONNIE SMITH; LINDA PITTS;
ASHLEY MORROW; ROBERT SHANE HILTON; COURTNEY TRACY
PONTHIER; CRAIG M MIXSON; J. KEITH STANLEY,

     Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC  No. 1:16-CV-272

Before JONES, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

On August 5, 2014, Ralph Lynn Ferguson, Jr., was pulled over for failing
to wear his seat belt properly.  After refusing to provide his driver's license,
Ferguson was placed under arrest.  After refusing to exit his van while under
arrest, he was forcibly removed, suffering a cut on the arm in the process, and
he was taken to the county jail.  His van was searched and impounded.  The

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 19-40600

next day, Ferguson posted bail and, after paying a fee, received back his van. Ferguson was charged for failure to identify and evading arrest or detention. In July 2015, both charges against Ferguson were dropped.

In July 2016, Ferguson filed a civil action pro se against seventeen individuals involved in his arrest and subsequent judicial proceedings.[1]  He brought claims under 42 U.S.C. §§ 1983, 1985, seeking damages for alleged violations of the Fourth, Fifth, and Eighth Amendments, and he also brought a series of claims under state law.  Over the course of litigation, Ferguson amended his complaint four times.

These amendments were to no avail, however.  In June 2017, the court granted a Rule 12(b)(6) motion to dismiss with prejudice Ferguson's state-law claims against two police-officer-defendants.  In September 2017, the court granted a 12(b)(6) motion to dismiss with prejudice all claims against the prosecutor- and judge-defendants.  In June 2018, the district court granted 12(b)(6) motions to dismiss with prejudice all but two of the remaining claims. Finally, in February 2019, the court dismissed with prejudice Ferguson's remaining complaints by summary judgment.  Ferguson filed a "Motion to Amend Final Judgment," which the district court judge reviewed but denied. Only then, Ferguson filed objections to the magistrate judge's report regarding this motion.  The court granted Ferguson leave to file objections, but after considering them did not revise its orders.  Ferguson timely appealed.

This court reviews both 12(b)(6) motions and summary judgments de novo, considering the evidence in the light most favorable to the non-moving party.  *O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 304 (5th Cir. 2019); *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272,

---

[1] Since the filing of that complaint, one of those individuals, Pete Patrick, has died and been dismissed from the case.

275–76 (5th Cir. 2014).  For 12(b)(6) motions, we accept as true all well-pled facts alleged in the complaint, *O'Daniel*, 922 F.3d at 304, but "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).  At summary judgment, "the non-movant must go beyond the pleadings and present specific facts indicating a genuine issue for trial."  *Bluebonnet*, 754 F.3d at 276.

This court has carefully considered Ferguson's appeal in light of the briefs and pertinent portions of the record.  Having done so, we find no error of law or reversible error of fact.

In the proceedings before the district court, a magistrate judge thoroughly reviewed each of Ferguson's claims.  Then, the district court reviewed de novo Ferguson's case, as well as the magistrate's reports, and Ferguson's objections to those reports.  Now, on appeal, Ferguson mostly reiterates, often in conclusory fashion, points that have been rightly rejected by the district court with able explanation, either in its opinions or by its adoption of the magistrate's reports.

Points that are new on appeal are a series of accusations of criminal acts by the defendants, a counterargument against judicial immunity for Judges Smith and Mixson, and a facial challenge to the constitutionality of the Texas Transportation Code.  Ferguson, of course, lacks authority to bring criminal charges.  He is certainly entitled to challenge judicial immunity, but his argument—that judicial immunity applies only to acts by a judge that themselves protect society—misapplies the cited authority, *Pierson v. Ray*.  That case did not establish a case-specific inquiry into whether judicial immunity would protect or benefit society; instead, *Pierson* affirmed general judicial immunity as itself a benefit to society.  *See* 386 U.S. 547, 554, 87 S. Ct.

1213, 1218 (1967). Thus, Ferguson's challenge to judicial immunity in this case fails, as does his constitutional challenge, which is forfeit for not being raised prior to appeal.

For these reasons and for essentially the reasons articulated by the district court, the judgment of that court is **AFFIRMED.**